## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **FIRST MERCURY INSURANCE COMPANY** | § § § | |
| **Plaintiff,** | § | |
| v. | § § | **CIVIL ACTION NO.:** |
| **M HANNA CONSTRUCTION CO., INC., AND THE PROMENADE D'IBERVILLE, LLC.** | § § § § | 4:10cv535 |
| **Defendants.** | § | |

---

### PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Plaintiff FIRST MERCURY INSURANCE COMPANY (hereinafter "FMIC") pursuant to 28 U.S.C. § 2201, and files this its Complaint for Declaratory Judgment, seeking construction of a liability insurance policy and a declaratory judgment that FMIC has no duty to defend or indemnify Defendant M HANNA CONSTRUCTION CO., INC. (hereinafter "M Hanna") and THE PROMENADE D'IBERVILLE, LLC (hereinafter "Promenade"), and in support thereof will show the Court as follows:

### I.
### JURISDICTION, PARTIES AND VENUE

1.      Plaintiff FMIC is incorporated in the State of Illinois with its principal place of business located at 29621 Northwestern Highway, Southfield, Michigan 48034.

2.      Defendant M Hanna Construction Co., Inc. is incorporated in the State of Texas with its principal place of business at 903 I-30 East, Sulphur Springs, Texas  75482 and may be served

---

with process by serving its registered agent Matthew Hanna at 903 I-30 East, Sulphur Springs, Texas 75482.

3.      The Promenade D'Iberville, LLC is a limited liability company organized and existing under the laws of the State of Mississippi, which may be served with process by serving its registered agent CSC of Rankin County, Inc., Mirror Lake Plaza, 2829 Lakeland Drive, Suite 1502, Flowood, Mississippi 39232.

4.      This is a civil action in which this Court has original jurisdiction under 28 U.S.C. § 1332(a).  Complete diversity of citizenship existed between Plaintiff and Defendants at the time of filing this suit.  The amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(a)(1) and (c), because Defendant M Hanna resides in this District and maintains the minimum contacts necessary in the State of Texas to establish venue herein.

## II.
## FACTS

6.      Defendants M Hanna was named as a defendant in a suit numbered CV A-2402-10-41 styled *The Promenade D'Iberville, LLC v. M. Hanna Construction Co., Inc., et al* , filed in the Circuit Court of Harrison County, Mississippi, Second Judicial District (the "Underlying Suit").

7.      Promenade claims that it developed the retail shopping center known as The Promenade (the "Shopping Center") in D'Iberville, Mississippi, which consists of various buildings and improvements, some of which are leased by retail tenants and/or owned by other persons or entities.  Promenade claims that M Hanna contracted to and performed the sitework on the Shopping Center project, including demolition, site clearing, earthwork, rough grading, excavation, backfill, compaction, soil stabilization, other building pad preparation, erosion control, road construction and other related work.  Promenade alleges that M Hanna used a

material called OPF42 purchased from LA Ash in its earthwork that has caused expansion, producing upward pressures that have caused damage to the floors, walls and finishes of buildings, pavements, sidewalks and other improvements.  Promenade claims it has received demands from tenants at the Shopping Center for the physical damage caused to the leased and owned property.

7.      FMIC issued liability policy number FMMMA003267 to M Hanna Construction Co. Inc., effective 12/22/09 to 12/22/10 ("FMIC Policy").

8.      A justiciable case or controversy exists between the parties to this lawsuit.  Plaintiff FMIC has no duty to defend and/or indemnify M Hanna in the Underlying Lawsuit under the terms of the policy.

9.      Promenade seeks coverage as an additional insured under the FMIC Policy issued to M Hanna for claims asserted by tenants and owners of the Shopping Center alleging that they have suffered damages resulting in the Underlying Lawsuit.  Plaintiff FMIC has no duty to defend and/or indemnify Promenade for those claims.

### III.
### COVERAGE DEFENSES

10.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, for the purpose of determining an actionable and justiciable controversy between the parties, as hereinafter more fully appears.

11.     Plaintiff FMIC incorporates the factual allegations made in paragraphs 1 through 10 herein by reference for all purposes, as though more fully set forth in detail.

12.     The FMIC Policy contains the following insuring agreement under CG 0057 09 99, Amendment of Insuring Agreement – Known Injury or Damage:

    **1.      Insuring Agreement**

---

**PLAINTIFF'S ORIGINAL COMPLAINT**                                         Page 3 of 7

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result....

b.  This insurance applies to "bodily injury" and "property damage" only if:

(1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(2)  The "bodily injury" or "property damage" occurs during the policy period; and

(3)  Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.  "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

---

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

\* \* \*

13.  The FMIC Policy also includes the following exclusion:

## CONTINUOUS OR PROGRESSIVE INJURY AND DAMAGE EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

This insurance does not apply to any damages because of or related to bodily injury or property damage:

1.  which first existed, or alleged to have first existed, prior to the inception date of this policy; or

2.  which are, or are alleged to be, in the process of taking place prior to the inception date of this policy, even if the actual or alleged bodily injury or property damage continue during this policy period.

3.  which were caused, or alleged to have been caused, by the same condition or construction defect which resulted in bodily injury or property damage which first existed prior to the inception date of this policy.

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

> We shall have no duty to defend any insured against any loss, claim, suit or other proceeding alleging damages arising out of or related to bodily injury or property damage to which this endorsement applies.

14.    FMIC has no duty to defend and/or indemnify Defendants M Hanna and/or Promenade because M Hanna knew that "property damage" had occurred, in whole or in part, from the use of the material called OPF42 in its earthwork for Promenade.

15.    FMIC has no duty to defend and/or indemnify Defendants M Hanna and/or Promenade because the "property damage" from the use of the material called OPF42 first existed prior to the inception date of the FMIC Policy.

## IV.
## PRAYER

16.    For the reasons stated, Plaintiff FMIC prays that Defendants M Hanna and Promenade be cited to appear herein and that upon trial of this case, Plaintiff FMIC receive the following declarations:

A.    FMIC has no duty to defend and/or indemnify M Hanna in the *Promenade* lawsuit;

B.    FMIC has no duty to defend and/or indemnify Promenade for any claims arising out of M Hanna's liability and/or use of the material called OPF42 in its earthwork for Promenade;

C.    All such other and further relief to which FMIC may show itself justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By: /s/ R. Brent Cooper
R. BRENT COOPER
Texas State Bar No. 04783250

Timothy Micah Dortch
Texas State Bar No. 24044981

900 Jackson Street, Suite 100
Dallas, Texas  75202

Telephone:    214-712-9500
Facsimile:     214-712-9540

**ATTORNEYS FOR FIRST MERCURY
INSURANCE COMPANY.**

D/776517.1